## No. 26601

**Oliver T. Jackson v. The District Court in and for the Tenth Judicial District and State of Colorado and the Honorable Jack E. Seavy, one of the Judges thereof**

(528 P.2d 1307)

Decided December 2, 1974.

Davis, Cooper, Kelley & McMartin, Michael O. Kelley, for petitioner.

J. E. Losavio, Jr., District Attorney, Cecil Turner, Assistant, for respondents.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

In the trial court, petitioner Jackson moved for a dismissal of a rape charge filed against him. The ground for the motion was that a statutory provision, as interpreted by him, states that no prosecution may be instituted or maintained when the victim of the rape fails to notify the district attorney or other law enforcement official within three months after she reaches her 16th birthday. Petitioner claims the victim in this case failed to give such notice after her 16th birthday and therefore dismissal of the action is required. The trial court denied the motion to dismiss. The petitioner thereupon initiated, in this court, original proceedings in the nature of prohibition against further proceedings in the trial court. He also requests that we order the case dismissed. We granted a rule to show cause why this requested relief should not

be granted. Responses have now been made by the parties. We hold that the trial court properly denied this motion to dismiss and therefore we discharge the rule.

In accordance with 1971 Perm. Supp., C.R.S. 1963, 40-3-401(d), the petitioner is charged with rape committed on or about February 1, 1973 on a female who was less than sixteen years old. The victim's sixteenth birthday was April 2, 1973. At issue here is the meaning of 1971 Perm. Supp., C.R.S. 1963, 40-3-412, which provides:

*"Limitation of action.* No prosecution may be instituted or maintained under sections 40-3-401 to 40-3-410, unless the alleged offense was brought to the notice of the district attorney or other law enforcement official within thirty days after its occurrence, except when the alleged victim was less than sixteen years old or otherwise incompetent to make complaint. In such case, notice to the district attorney within three months after a parent, guardian, or competent person, specially interested in the victim learns of the offense is sufficient.''

The victim gave birth to a child, the issue of the alleged rape, on October 25, 1973. The following day, complaint was made to the district attorney by the victim's mother.

At the trial court hearing on the petitioner's motion to dismiss, the victim's mother testified that she became aware of her daughter's pregnancy and the alleged rape on the day her daughter gave birth. The daughter testified that she was afraid to tell her mother about the rape and kept her pregnancy secret by wearing baggy jeans and shirts. When the mother thus became aware of the alleged rape, she promptly notified the district attorney.

It is the petitioner's argument that the victim, on attaining the age of sixteen, becomes a ''competent person specially interested in the victim.'' Thus, according to the petitioner's interpretation, notice must be given by the victim to the district attorney within three months after the victim becomes sixteen. The petitioner argues that because of this failure to comply with this statute, the trial court is without jurisdiction to entertain the prosecution and should have granted his motion for dismissal.

The petitioner's argument and his strained interpretation of the limitation statute is rejected. In our view, the statute only defines

two categories as follows: (1) when the victim of the rape is over the age of sixteen at the time of the occurrence, notice must be brought to the appropriate official within thirty days; and (2) when the victim is under sixteen, at the time of the occurrence, notice must be within three months after the parent, guardian, or other competent person specially interested in the victim becomes aware of the rape.

This limitation statute is an adaptation of the ALI Model Penal Code, Proposed Official Draft, § 213.6(5). The commentary on that section, also reprinted by the Colorado Legislative Council in Research Publication No. 98, at pages 56-57 states:

''A specific possibility of extension of time is made in the case of young children and incompetents for the obvious reason that if such individuals, under our rationale, do not possess the judgment and capacity necessary to become 'willing' participants in an act of sexual intercourse, their deficiency may also blind them to the need for complaint. Fear of parental anger or confusion as to the significance of the act might well encourage silence in this situation. Hence the . . . [three] . . . month period for complaint does not begin to run, for such individuals, until after a competent person specially interested in the victim learns of the offense.''

The language of the statute, and the legislative history, indicates that its purpose is to protect young victims of rape. This purpose is best effectuated by our determination that it is the victim's age at the time of the alleged rape that is determinative. Thus, if the victim is under the age of sixteen at the time of the occurrence, notice within three months after the person specially interested becomes aware of the rape is all that is required. That the victim has reached the age of sixteen in the time since the rape is immaterial.

Under the facts of this case, the limitation statute clearly does not require a dismissal of the rape charge against this petitioner, and the trial court therefore properly denied the petitioner's motion.

The rule is discharged.

MR. JUSTICE DAY does not participate.